**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BOBBY SANDERS,**                                                                                          **PLAINTIFF**

**V.**                                                **NO. 4:05CV12-WAP-EMB**

**DONALD A. CABANA, J. J. STREETER,
PAMALA ROBINSON, TARA JAMES,
LITITIA ROACH, LINDA ROBERTSON,
MAURICE FORMAN & FRANCES GRIFFIN**                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

On April 6, 2005, the *pro se* plaintiff, Bobby Sanders, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently an inmate at the Mississippi State Penitentiary ("MSP") at Parchman, Mississippi. The Complaint avers that as a result of his stabbing a gang member while housed at South Mississippi Correctional Institution D1, a hit was placed on plaintiff's life. Some time thereafter, plaintiff was placed in "lockdown" at Unit - 7, where he was assaulted. Plaintiff was later transferred to MSP - Unit 32A, solitary confinement. His Complaint alleges he repeatedly spoke to defendants and requested protective custody, yet defendants failed to respond. Plaintiff claims that as a result of defendants' failure to act, he "came very close to losing his life."

At the *Spears* hearing, plaintiff testified that in July 2004, he "red-tagged" all inmates he felt were a threat to him, including Steven Crosby. Nonetheless, he was stabbed in his cell three weeks later. He testified that after he had been handcuffed by Officer Maurice Forman to be

escorted from his cell, Crosby, who was housed on another tier, made his way to plaintiff's tier. When Forman saw Crosby approaching, he pushed plaintiff back into his cell and told him to close his cell door. Plaintiff said he was unable to close his door because his hands were cuffed behind his back. As a result, Crosby entered plaintiff's cell and stabbed him multiple times in the chest. Plaintiff said he believes Crosby was able to make his way to plaintiff's cell because gang members had paid corrections officers to open all cell doors for a brief period on the day of the attack.

Prison officials have a duty to protect prisoners from violence by other inmates. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To establish a failure to protect claim under § 1983, plaintiff must show that "he . . . [was] . . . incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F .3d 530, 533 (5th Cir.1995). A prison official cannot be found liable in his individual capacity for denying an inmate humane conditions of confinement unless the plaintiff can show the official was aware of facts from which the inference could be drawn that a substantial risk of harm existed and that he drew the inference. *Downey v. Denton County*, 119 F 3d 381, 385 (5th Cir.1997); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Based on the foregoing, plaintiff has failed to adequately allege that defendants were aware that a substantial risk to plaintiff's safety existed. Though the circumstances surrounding plaintiff's attack are extremely unfortunate, he has stated negligence claims at best. Upon his arrival at MSP, plaintiff was placed in solitary confinement and was allowed to "red-tag" inmates he felt were a threat to him. And, based on his own testimony, Crosby was only able to get to him because all cell doors in the unit were inadvertently opened on the day of the attack.

Plaintiff does not allege that Crosby posed a threat to him outside this isolated circumstance. Moreover, he has no way of proving that gang members paid officers to open the cell doors. Plaintiff wants to be transferred to another facility because he believes he would be safer. However, the housing of inmates at a prison facility is the province of prison officials, and a matter in which the courts should not be involved. Therefore, it is recommended that plaintiff's Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 18th day of April, 2005.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**