IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOBBY SANDERS                                                                                               PLAINTIFF

VS.                                                                                                          NO. 4:05CV012-P-B

DONALD A. CABANA, et al.,                                                                         DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendants' motion for summary judgment. Upon due consideration the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff is currently an inmate at the Mississippi State Penitentiary ("MSP") at Parchman, Mississippi. Plaintiff alleges that as a result of his stabbing a gang member while housed at South Mississippi Correctional Institution, a hit was placed on his life. Fearing for his safety, on July 22, 2004, Plaintiff spoke with Defendant Linda Roberson[1], a Correctional Case Manager, about being placed in protective custody. During his meeting with Roberson, Plaintiff filed out a "red tag" on inmate Steven Crosby and others. The red tag was not immediately placed in Crosby's file [2]. Rather, Roberson entered a "keep separate" alert indicating that Plaintiff should be kept separated from Crosby. On July 27, 2004, Plaintiff was placed in a single cell, presumably alone, based on the "keep separate" order.

Yet, on August 11, 2004, through what appears to be the "perfect storm" of security failure, Plaintiff was attacked by inmate Crosby. Both men were housed on separate tiers within the prison.

---

[1] Linda Roberson is referred to in the "Report of Investigation - 04-MSP-082" as "Linda Robinson.

[2] The red tag was eventually placed in the file on August 25, 2004, by Frances Griffin, Correctional Case Manager.

On that day, Plaintiff was handcuffed and removed from his cell for "yard call," by Maurice Foreman a Correctional Officer. At that same time, Crosby who had also been removed from his cell for yard call and handcuffed by Correctional Officer Author Kimble, was waiting to be escorted outside. For reasons that could be characterized as either suspicious or innocently negligent [3], Crosby was left handcuffed but unsupervised while Kimble retrieved another inmate. While waiting, Crosby saw Plaintiff being removed from his cell. Having curiously managed to reposition his bound hands from behind his back to the front of his body, the unguarded Crosby ran toward Plaintiff and attacked him. The two men were quickly subdued by three Correctional Officers. Although no weapon was found, Plaintiff suffered approximately three alleged stab wounds from the attack[4].

In his complaint, Plaintiff names as Defendants: Donald Cabana, Superintendent, J.J. Streeter, Warden, Pamela Robinson, Case Manager Supervisor, Tara James, Investigator, Lititia Roach, Assistant Director of Offender Services, Frances Griffin, Case Manager, Linda Roberson, Maurice Foreman[5]. Though not found in his complaint, Plaintiff theorized at his *Spears* hearing that gang members paid corrections officers to look the other way or arrange an opportunity for the assault. Plaintiff further avers that he, and his mother, complained to the Defendants on numerous occasions about threats to his personal safety. Plaintiff has provided proof that indicates Donald Cabana

---

[3] Essentially some of the officers thought that Lieutenant Danny Harris was watching the inmates that had been extracted from their cells but waiting to be escorted outside; some of the officers assumed that the other was on guard. The result was that no one was paying attention to the handcuffed waiting inmates.

[4] The court uses alleged because no weapon was found and Crosby contends that there was no weapon but that the handcuffs and box over the cuffs cut Plaintiff during the attack. It makes no difference in the analysis below. It is undisputed that Plaintiff was attacked and suffered injuries.

[5] Maurice Foreman was dismissed without prejudice from this matter on July 14, 2006, based on Plaintiff's failure to serve process.

received a letter from his mother prior to the attack. In response to the letter, Cabana asked for more specific information and advised that Warden Streeter would be asked to investigate the matter. Despite his concerns, Plaintiff contends that the Defendants did nothing to protect him.

Defendants contend that summary judgment is appropriate because none of the remaining Defendants were responsible for security in the housing unit and none were present on the day of the attack. Furthermore, Defendants did respond to the threats against Plaintiff by placing him in a "isolation single cell" on an order to be kept separate from Crosby.

### B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists,

the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

This case presents the court with what is essentially a "failure to protect" claim. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). In interpreting the applicable mental standard for "deliberate indifference" in conditions of confinement cases, *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), the Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

The failure to alleviate a significant risk that the official should have perceived but did not is insufficient to show deliberate indifference. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citations omitted). Deliberate indifference is the equivalent of wanton behavior rather than inadvertence or error in good faith. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). No liability exists, for a prison official's alleged violation of an inmate's constitutional right to be protected from violence by other inmates, if the official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Longoria v.*

*Texas*, 473 F.3d 586, 592-93 (5th Cir. 2006). The establishment of mere negligence is not a sufficient basis for recovery. *Neals*, 59 F.3d at 533. In other words, a prison official's negligence for failing to protect the plaintiff is not actionable. *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001). Here, the court finds it is beyond doubt that plaintiff has failed to allege the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim cognizable under § 1983. *Farmer,* 511 U.S. at 826.

Plaintiff's theory of recover is that he complained about his safety to all Defendants but they did nothing to protect him from Crosby. To the contrary, Plaintiff's own proof and concessions indicate that Steeter was aware of the threats and instructed Linda Roberson to place him on protective custody status and allow Plaintiff to complete a red tag for Crosby. According to statements given during an internal investigation, Roberson thought that the "keep separate" alert was the same as a red tag and that by virtue of the alert Plaintiff did not need to be placed in protective custody. As explained above, the red tag was completed but not immediately placed in the file, but Roberson entered information indicating that Plaintiff was to be kept separate from Crosby. In response to the keep separate order on July 27, 2004, Plaintiff was placed in a cell alone. Therefore, it appears as though Defendants did appreciate the potential for harm and responded appropriately. In spite of Defendants efforts, Plaintiff was unfortunately attacked. However, the law does not afford him a remedy if the harm occurred despite the Defendants' reasonable response to the perceived risk. *Longoria*, 473 F.3d at 592-93.

Plaintiff makes much out of the fact that the red tag for Crosby was not immediately placed in the file. As Defendants point out, even if the red tag was handled more expeditiously, he would have received no greater protection than being place alone in a cell and kept separate from Crosby.

Also, Roberson's failure to immediately process the red tag only amounts to negligence at best which is plainly insufficient to state a claim for § 1983 relief. *Neals*, 59 F.3d at 533.

Having thoroughly reviewed the pleadings, exhibits and motions in this case, the court finds that Plaintiff has failed to demonstrate a triable issue of fact exists with regard to these Defendants and summary judgment is appropriate. In the court's opinion, the Plaintiff has neglected to name as defendants the individuals who were in the best position to prevent the attack–the correctional officers present on August 11, 2004. According to the investigative report there was an admitted failure of the officers on that day to supervise the inmates, including Crosby, who had been removed from their cells and waiting to be escorted to yard call. This security failure allowed Crosby the opportunity to attack Plaintiff. As mentioned above, the failure has not been completely explained and could have been purely innocent or possibly tainted with corruption. It is clear, however, that none of these Defendants were involved in the events of that day. It is equally obvious, that none of these Defendants were in a position to prevent the attack unlike the correctional officers on duty when Plaintiff was attacked. Nonetheless, the time for joining parties and amending the pleadings has well expired. Thus, summary judgment shall be entered in favor of the Defendants.

### D. Conclusion

In sum, Plaintiff has failed to demonstrate the existence of a disputed issue of material fact. Resultantly, summary judgment shall appropriately be granted in favor of all Defendants.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of March 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE